# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Colleton River Club, Inc., | Case No. 9:24-cv-6357-RMG |
| Plaintiff, | |
| v. | |
| RSUI Indemnity Company, | **ORDER AND OPINION** |
| Defendant. | |

Before the Court is the Colleton River Club (the "Club")'s motion to compel discovery. (Dkt. No. 17). Defendant RSUI Indemnity Company ("RSUI") responded (Dkt. No. 20) and the Club replied (Dkt. No. 23). For the reasons set forth below, the Court grants in part and denies in part the Club's motion.

   **I.    Background**

The Club seeks a declaratory judgment as to RSUI's duty to indemnify and to recover for RSUI's alleged breach of contract arising from the settlement of an underlying lawsuit styled *Ying, et al. v. Colleton River Plantation Club, Inc.*, Case No. 2022-CP-07-00312, in which the Club's members alleged that the Club's officers and directors failed to reserve money for repairs to the Club's seawall. The Club argues that it should be indemnified for the $1,713,822.85 it paid to settle the *Ying* lawsuit under a Non-Profit Organization Management Liability Policy (the "Policy") issued by RSUI. RSUI denied indemnity coverage on the grounds that the settlement was not covered by the Policy's terms, which exclude losses arising out of "damage to or destruction of any tangible property, including loss of use thereof."

The Club brings the present motion alleging RSUI produced deficient discovery responses in response to the Club's First Set of Requests for Production and Interrogatories served on March

1

14, 2025. (Dkt. Nos. 17, 17-1). RSUI served initial discovery responses on the Club on March 6, 2025, and produced supplemental responses on May 1, 2025. (Dkt. Nos. 17-3, 23-1, 23-4). RSUI produced a privilege log on March 28, 2025 and a supplemental privilege log on May 1, 2025. (Dkt. Nos. 23-2, 23-3).

## II.     Legal Standard

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

### III. Discussion

The Court considers the discovery disputes that remain outstanding following an April 1, 2025 meet and confer held between the Parties. (*See* Dkt. No. 20 at 1).

#### A. Interrogatory 2

The Club's Interrogatory 2 asks that RSUI "[s]et forth the ways, if any, in which the allegations of paragraphs 5, 6, 7, 8, and 9 of the Complaint contradict or are inconsistent with the [the Policy]." RSUI originally objected to the Interrogatory "on the ground the Policy is a written document which speaks for itself." RSUI served a supplemental response to Interrogatory 2 on May 1, 2025. (Dkt. No. 23-1).

The Court finds that the Policy is a written document which speaks for itself, and <u>denies the Club's motion to compel any additional response to Interrogatory 2 on this basis.</u>

#### B. Interrogatories 4 and 5

The Club concedes that "RSUI has served supplemental answers to Interrogatory 4 and Interrogatory 5 which eliminate the need for the Court to compel a response." (Dkt. No. 23 at 4). <u>The Court denies the Club's motion to compel responses to Interrogatories 4 and 5 as moot.</u>

#### C. Interrogatories 8, 9, 10, 11

The Club explains that "Interrogatories 8 through 11 are contention interrogatories that ask RSUI to identify and explain the factual basis for RSUI's second, third, fourth, and fifth affirmative defenses in its Answer." (Dkt. No. 23 at 5). RSUI asserted in the subject affirmative defenses that the Club's claims against RSUI are barred by the Policy's terms, conditions, exclusions and limitations. Dkt. No. 4 at 7-8). RSUI objected to the interrogatories on privilege grounds and explained that correspondence sent to the Club dated January 14, 2020, October 2, 2022, and October 7, 2022 outline the bases for the asserted affirmative defenses. (Dkt. No. 20 at 5). The

Club counters that "if there are no Policy provisions or explanations responsive to these interrogatories aside from what is set forth in the "coverage letters" RSUI references by date in its answers to Interrogatories 8 through 11 . . . then there has never been a basis for RSUI's objections on the grounds of privilege or work product" and "[f]or these reasons, the Court should grant the Motion and strike RSUI's objections to Interrogatories 8 through 11." (Dkt. No. 23 at 6-7).

There does not appear to be a remaining dispute for this Court to resolve. <u>The Court denies the Club's motion to compel responses to Interrogatories 8-11.</u>

### D. Requests for Production 2 and 7

The Club requests that RSUI produce an unredacted version of the claim file and underwriting file corresponding to the subject claim. (Dkt. No. 17 at 8). The Club argues that RSUI has made improper redactions of information it contends is confidential (such as premium and pricing information) as well as purportedly non-responsive portions of those documents. (Dkt. No. 23 at 8). The Club also contends that RSUI has waived any claims of privilege where RSUI failed to produce a timely privilege log or respond to the Club's arguments of waiver in its opposition to the Club's motion to compel. (*Id.* at 8-9).

The Court considers that RSUI's production of a privilege log in response to the Club's motion to compel and citation to that privilege log in its opposition to the Club's motion to compel, while untimely, obviates the need for this Court to find that RSUI waived any assertion of privilege. With regards to RSUI's redactions of purportedly confidential information regarding policy premium information, commission information, pricing formation and a claim note reflecting reserve information, the Club fails to describe how such information is relevant its claim that the Policy covers the *Ying* settlement. As no prima facie showing of discoverability of this information has been made by The Club, the burden does not shift to RSUI to justify its redaction

of such information. *Waters v. Stewart*, No. 4:15-CV-4143-RBH-TER, 2017 WL 770535, at *2 (D.S.C. Feb. 28, 2017). *See also Brooks v. Johnson*, 924 F.3d 104, 122 (4th Cir. 219) (explaining that "reasonable mechanisms—such as redaction of text that is not relevant to the case—may be permitted" where confidential information is implicated). However, RSUI may not unilaterally redact information from its discovery responses on the grounds that such information is non-responsive without providing any accompanying description of the redacted information. *See Waters*, 2017 WL 770535, at *2 ("The burden rests with the party resisting discovery to establish that the information is not relevant or proportional to the needs of the case."). <u>The Court grants the Club's motion to compel unredacted responses to Requests for Production 2 and 7 to the extent such redactions do not relate to the confidential premium and pricing information the Court has determined may remain redacted.</u>

### E. Request for Production 3

RSUI has clarified that it produced all relevant correspondence pertaining to Request for Production 3 in its response to Request for Production 2. (Dkt. No. 20 at 7). To the extent any such relevant correspondence was redacted for non-responsive information, the Court has ordered that such information in the Claim File be provided in unredacted form to the extent it does not contain confidential policy or pricing information. <u>The Court denies the Club's motion to compel a response to Request for Production 3 as moot.</u>

### F. Request for Production 4

The Club's Request for Production 4 seeks "production of RSUI's guides, procedures, processes, and references . . . that were in effect between May 22, 2019 and October 4, 2024, to the extent applicable to RSUI's handling of a liability claim under an insurance policy governed by South Carolina law." (Dkt. No. 17 at 10). RSUI initially objected to the request but

subsequently responded by confirming that no such requested materials exist. (Dkt. No. 23 at 11). The Court denies the Club's motion to compel a response to Request for Production 4 as moot.

### G. Requests for Production 5 and 6

RFP 5 and RFP 6 request RSUI's claim files for "each claim involving an insured failing to establish a reserve fund and on which RSUI issued an indemnity payment under Directors and Officers Liability Coverage, or otherwise denied [such indemnity coverage] . . . from January 1, 2019 to October 4, 2024." (Dkt. No. 17 at 12). RSUI objects that Request for Production 5 is irrelevant to the present dispute and explains that it "has no means to complete a search for responsive information." (Dkt. No. 20 at 7). RSUI fails to address Request for Production 6 in its opposition to the Club's motion to compel.

The Court finds RSUI's relevance and burden objections unavailing. RSUI's handling of other indemnity claims under similar policies in the time period is relevant to the Club's claim that RSUI breached the duty of good faith in the handling of its claim. *Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, No. 5:13-CV-80, 2014 WL 12596397, at *10 (N.D.W. Va. Jan. 9, 2014) ("[A]ll of Plaintiff's claim files may have relevant information about Defendant's general business practice and may lead to the discovery of information that bears on Plaintiff's bad faith claims. For example, if Plaintiff can show that this particular claim was handled differently than other claims it made, that information would be relevant to its bad faith claims."). And the fact that RSUI has failed to maintain a record-keeping system of relevant records does not excuse its compliance with this request. *Stout v. Wolff Shoe Co.*, No. 3:04 CV 23231 JFA, 2007 WL 1034998, at *3 (D.S.C. Mar. 31, 2007) ("A party that selects its own information recording system and expects to be able to access information for business purposes will be obligated to produce

that same information in discovery."). <u>The Court grants the Club's motion to compel responses to Requests for Production 5 and 6.</u>

### IV.     Conclusion

In light of the foregoing, the Club's motion to compel is **GRANTED** as to Requests for Production 2, 7, 5 and 6 **DENIED** as to all other requests. RSUI is ordered to produce responsive materials within one week of this Order.

**AND IT IS SO ORDERED.**

<u>s/ Richard M. Gergel</u>
Richard Mark Gergel
United States District Judge

May 28, 2025
Charleston, South Carolina